UNITED STATES of America, Appellee,

v.

**John Norton KLEIN, Appellant.**

No. 82–2137.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 25, 1983.

Decided March 3, 1983.

Robert C. Babione, Asst. Federal Public Defender, East St. Louis, Ill., for appellant.

Thomas E. Dittmeier, U.S. Atty., Robert T. Haar, Asst. U.S. Atty., St. Louis, Mo., for appellee.

(2d Cir.), cert. denied, 352 U.S. 844, 77 S.Ct. 50, 1 L.Ed.2d 60 (1956)).

Before ARNOLD, Circuit Judge, HENLEY, Senior Circuit Judge, and JOHN R. GIBSON, Circuit Judge.

HENLEY, Senior Circuit Judge.

John Norton Klein was indicted on one count, tried before a jury, and convicted of armed bank robbery in violation of 18 U.S.C. §§ 2113(a) and (d) (1976). He was sentenced to nineteen years imprisonment. He appeals, claiming that the trial court[1] committed prejudicial error in refusing to give a cautionary instruction that the testimony of government witness Daniel Krouper should be considered with caution and great care because of benefits Krouper allegedly received from the government. We affirm.

On June 22, 1982 James Thomas Gunn robbed the United Missouri Bank in Ferguson, Missouri, of $9,691.00 and fled in a waiting pickup truck allegedly driven by appellant. Two days after the robbery, on June 24, 1982, police officers stopped appellant and his two companions, Daniel and Susan Krouper, as they were entering a bar and asked them to go to the Ferguson Police Department for questioning about the robbery. The three agreed to go, and Daniel Krouper drove them to the police station in his truck.

When police initially questioned Daniel and Susan Krouper about the robbery, they denied any knowledge of it. Susan eventually returned home, but Daniel remained at the police station. In the meantime, police officers, with Daniel's consent, had searched his truck and found $1,000.00 in a paper bag underneath the seat. Police informed Daniel of their discovery, gave him the *Miranda* warnings, and indicated that charges would be brought against anyone whose fingerprints were found on the money. They also told Daniel, without making any promises, that more than likely he would not be prosecuted if he cooperated. Daniel knew that Susan had handled the money and became concerned that she would be charged as a participant in the robbery. At this point, Daniel made a statement naming appellant as the driver of the getaway truck. Daniel then telephoned Susan and told her that detectives had found the money in the truck. Susan subsequently changed her story and implicated appellant in the robbery. Appellant was consequently indicted and convicted of armed bank robbery.

At the instruction conference, defense counsel requested that the following instruction be given to the jury:

You have heard testimony that Daniel Krouper has received benefits from the government in connection with this case.

You may give his testimony such weight as you feel it deserves, keeping in mind that it must be considered with caution and great care.

*See* E. Devitt and C. Blackmar, *Federal Jury Practice & Instructions* §§ 17.02 (Testimony of Informer-Interested Witness) and 17.04 (Testimony of Immunized Witness). The government objected to this instruction on the grounds that no evidence had been presented at trial of the government's offering Daniel Krouper immunity, promises of immunity, money, or anything else normally considered to be benefits in exchange for his testimony.

In fact, Daniel admitted at trial that the police had made no promises or threats to induce him to talk to them. The only testimony even remotely suggesting some governmental benefit in exchange for Daniel's cooperation occurred in the following colloquy during the cross-examination of Daniel:

Q. But they [the police] didn't promise that they wouldn't prosecute you?

A. No, they didn't.

Q. But didn't they indicate that it would be more than likely that they wouldn't press charges against you if you told them what you knew?

A. Yes.

The trial court refused the instruction and gave only the "standard" credibility

---

1. The Honorable Edward L. Filippine, United States District Judge, Eastern District of Missouri.

instruction.[2] After the court had charged the jury, defense counsel reoffered the rejected instruction on the grounds that it was consistent with Daniel Krouper's testimony.[3] The trial court again rejected the instruction.

Appellant argues on appeal that the trial court's failure to give a cautionary informer-interested witness instruction where there is a direct link between the testimony received and some promised governmental action constitutes reversible error. *See United States v. Phillips,* 522 F.2d 388, 393 (8th Cir.1975) (Heaney, J., concurring). In the instant case, however, the testimony does not clearly reflect that any benefit was promised to the alleged informer, Daniel Krouper. Of course, Krouper hoped to help himself and his wife by testifying for the government, but no firm evidence exists of any promise of immunity. Krouper at most had the impression that it would be wise for him to tell the truth. In the circumstances, the general instruction on the credibility of the witnesses and the argument of counsel gave appellant all he was entitled to have. *See id.* at 391–92 (majority opinion).

Accordingly, we affirm.

---

2. *See* E. Devitt and C. Blackmar, *supra* at § 17.01, which provides in pertinent part:

> You should carefully scrutinize all the testimony given, *the circumstances under which each witness has testified,* and every matter in evidence which tends to show whether a witness is worthy of belief. Consider each witness's intelligence, *motive* and state of mind, and demeanor and manner while on the stand.... *Consider also any relation each witness may bear to either side of the case; the manner in which each witness might be affected by the verdict;* and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

> After making your own judgment, you will give the testimony of each witness such credibility, if any, as you may think it deserves. (Emphasis added.)

3. In closing argument, defense counsel focused the issue of Daniel Krouper's credibility for the jury, pointing out repeatedly that Krouper's inculpatory testimony against appellant was in direct response to police statements that "more than likely they wouldn't press charges against him if he cooperated and gave them the right answers...."